

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
www.flmd.uscourts.gov

**MEMORANDUM**

*06 Cr 228*

**UNITED STATES OF AMERICA**

-vs-
                                              **Case No.  06-1261-JGG**

**JEFFREY S. MILLS**
**RODERIC L. BOLING**
**ANNA BOLING**

**FILED**

| | |
|---|---|
| **DATE:** | August 2, 2006 |

**AUG   7 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Your Case No.:      06-228**

**TO:**          United States District Court
                District of Columbia
                333 Constitution Ave.
                Washington, DC 20001-2802

**FROM:**      Kim Anderson, Courtroom Deputy for
                James G. Glazebrook, United States Magistrate Judge
                (407) 835-4310
                George C. Young U.S. Courthouse and Federal Building
                80 North Hughey Avenue
                Orlando, Florida 32801

**SUBJECT:**    Rule 5(c) Proceedings

The above-styled case originated in your division.  Enclosed please find original documents regarding proceedings held in the Middle District of Florida in Orlando, Florida wherein the following action was taken:

**INITIAL APPEARANCE:**      AUGUST 1, 2006

**RELEASE/DETENTION:**       Conditions of Release were set and the Defendant was released on
bond.

**SCHEDULED HEARING:**       Upon notice by the charging district.

**CHARGING DOCUMENT:**       Indictment

Enclosures

# U.S. District Court
## Middle District of Florida (Orlando)
## CRIMINAL DOCKET FOR CASE #: 6:06-mj-01261-JGG-ALL
### Internal Use Only

Case title: USA v. Mills et al                                    Date Filed: 08/01/2006

---

Assigned to: Magistrate Judge James G. Glazebrook

**Defendant**

**Jeffrey S. Mills** (1)                      represented by **Mark Horowitz**
*TERMINATED: 08/03/2006*                      Warchol, Merchant, Rollings, Buckley &
                                              Pohl, L.L.P.
                                              1633 S.E. 47th Terrace
                                              Cape Coral, FL 33904
                                              239/542-0700
                                              Fax: 239/542-8627
                                              Email: horowitz@wmrbplaw.com
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*
                                              *Designation: Retained*

**Pending Counts**                            **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                         **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                **Disposition**

18:371.F, 18:1343.F, 18:1349.F. 18:78j(b),
18:2

---

Assigned to: Magistrate Judge James G. Glazebrook

## Defendant

**Roderic L. Boling** (2)
*TERMINATED: 08/03/2006*

represented by **Kirk N. Kirkconnell**
Kirkconnell, Lindsey, Snure & Yates, P.A.
1150 Louisiana Ave., Suite 1
P.O. Box 2728
Winter Park, FL 32790-2728
407/644-7600
Fax: 407/645-0805
Email:
kirkconnellk@criminaldefenselaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 18:371.F, 18:1343.F, 18:1349.F. 18:78j(b), 18:2 | |

---

Assigned to: Magistrate Judge James G. Glazebrook

## Defendant

**Anna Boling** (3)
*TERMINATED: 08/03/2006*

represented by **H. Manuel Hernandez**
H. Manuel Hernandez, P.A.
620 E. Club Cir.
PO Box 916692
Longwood, FL 32791
407/682-5553
Fax: 407-682-5543
Email: hmh4law@cfl.rr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

## Pending Counts

None

## Highest Offense Level (Opening)

None

## Terminated Counts

None

## Highest Offense Level (Terminated)

None

## Complaints

18:371.F, 18:1343.F, 18:1349.F. 18:78j(b),
18:2

**Disposition**

**Disposition**

**Disposition**

**Disposition**

---

**Plaintiff**

USA

represented by **Katherine M. Ho**
United States Attorney's Office
501 W. Church St., Suite 300
Orlando, FL 32805
407/648-7539
Fax: 407/648-7683
Email: katherine.ho@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/01/2006 | ●1 | Arrest - Rule 5(c)(2) of Jeffrey S. Mills, Roderic L. Boling, Anna Boling from District of Columbia on charges of Conspiracy, Wire Fraud and Attempted Wire Fraud, Securities Fraud, Aiding and Abetting and Causing an Act to be Done. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ●2 | Minute Entry for proceedings held before Judge James G. Glazebrook :BOND Hearing as to Jeffrey S. Mills, Roderic L. Boling, Anna Boling held on 8/1/2006, Initial Appearance in Rule 5(c)(3) Proceedings as to Jeffrey S. Mills, Roderic L. Boling, Anna Boling held on 8/1/2006. (Tape # 2006-33:3113-3862) (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ●3 | NOTICE of LIMITED attorney appearance: Mark Horowitz appearing for Jeffrey S. Mills. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ●4 | NOTICE of LIMITED attorney appearance: Kirk N. Kirkconnell appearing for Roderic L. Boling. (KKA, ) (Entered: 08/02/2006) |

| | | |
|---|---|---|
| 08/01/2006 | ◔5 | NOTICE of LIMITED attorney appearance: H. Manuel Hernandez appearing for Anna Boling. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ◔6 | OWN RECOGNIZANCE BOND entered as to Jeffrey S. Mills. Signed by Judge James G. Glazebrook. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ◔7 | ORDER Setting Conditions of Release as to Roderic L. Boling (2) $75,000 unsecured. Signed by Judge James G. Glazebrook on 8/1/2006. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ◔8 | APPEARANCE BOND entered as to Roderic L. Boling. Signed by Judge James G. Glazebrook. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ◔9 | OWN RECOGNIZANCE BOND entered as to Anna Boling. Signed by Judge James G. Glazebrook. (KKA, ) (Entered: 08/02/2006) |
| 08/01/2006 | ◔10 | RECEIPT for surrender of Passport as to Roderic L. Boling. Passport Number 134629596 issued by USA (cbh) (Entered: 08/02/2006) |
| 08/03/2006 | ◔11 | ORDER of removal pursuant to rule 5(c)(2) to District of District of Columbia as to Jeffrey S. Mills. Signed by Judge James G. Glazebrook on 8/3/2006. (KKA, ) (Entered: 08/03/2006) |
| 08/03/2006 | ◔12 | ORDER of removal pursuant to rule 5(c)(2) to District of District of Columbia as to Roderic L. Boling. Signed by Judge James G. Glazebrook on 8/3/2006. (KKA, ) (Entered: 08/03/2006) |
| 08/03/2006 | ◔13 | ORDER of removal pursuant to rule 5(c)(2) to District of District of Columbia as to Anna Boling. Signed by Judge James G. Glazebrook on 8/3/2006. (KKA, ) (Entered: 08/03/2006) |
| 08/03/2006 | ◔14 | TRANSFER Rule(5)(c)(3) to District of Columbia as to Jeffrey S. Mills, Roderic L. Boling, Anna Boling. Case mailed to the District of Columbia on 8/3/06. (KKA, ) (Entered: 08/03/2006) |

06-1261-01,02,03

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on September 30, 2004**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. **06-228** |
| | : | |
| | : | **Grand Jury Original** |
| | : | |
| | : | VIOLATIONS: |
| v. | : | |
| | : | 18 U.S.C. § 371 |
| JEFFREY S. MILLS, | : | (Conspiracy) |
| RODERIC L. BOLING, AND | : | 18 U.S.C. §§ 1343 and 1349 |
| ANNA BOLING, | : | (Wire Fraud and Attempted Wire Fraud) |
| | : | 18 U.S.C. §§ 78j(b) and 78ff |
| Defendants. | : | (Securities Fraud) |
| | : | 18 U.S.C. § 2 |
| | : | (Aiding and Abetting and Causing an |
| | : | Act to be Done) |
| | : | |

**INDICTMENT**

The Grand Jury charges:

**FILED IN OPEN COURT**

## COUNT ONE
(Conspiracy to Commit
Securities Fraud and Wire Fraud)

**JUL 27 2006**

**Relevant Persons and Entities**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

At times material to this Indictment:

1.     JEFFREY S. MILLS, the defendant, was a stock promoter who resided in

Longwood, Florida. MILLS was also President of Direct Results of Sweetwater LLC.

2.     RODERIC L. BOLING, the defendant, resided in Altamonte Springs, Florida, and

had significant experience arranging telemarketing promotions in which prerecorded messages

were distributed to persons throughout the United States.

Case Related To:  05-119

3.    ANNA BOLING, the defendant, resided in Altamonte Springs, Florida with her husband RODERIC L. BOLING, and benefitted from monies earned by RODERIC L. BOLING.

4.    Direct Results of Sweet Water LLC ("Direct Results") was a limited liability company controlled by JEFFREY S. MILLS and was located at MILLS' residence in Longwood, Florida. Direct Results, purportedly in the business of providing investor relations services, maintained a securities brokerage account at Sun State Equity Trading, Inc., for the purpose among others of receiving stock as payment for purported investment relations and stock promotion services.

5.    Telephone Broadcast Company, LLC, and its affiliate Telephony Leasing Corporation LLC (collectively "TBC"), were privately held Georgia limited liability companies in the business of broadcasting recorded telemarketing messages over the interstate telephone lines to persons, answering machines and voicemail systems throughout the United States. TBC used its equipment to make automated calls to telephone numbers throughout the United States and, depending upon the instructions of its clients, played prerecorded messages when the telephone calls were answered by individuals, answering machines or voicemails systems. TBC clients typically provided the recordings to TBC for distribution by dialing a toll free number and recording ("dropping") the message on the "onebox system."

6.    "R.B." was a resident of Florida who operated a business which assisted people and entities in obtaining investor relations services.

7.    Michael O'Grady was a resident of Georgia who was an owner of TBC.

8.    "D.B." was a resident of California who operated a business which assisted people and entities in obtaining investor relations services.

2

9.    Sun State Equity Trading, Inc. ("Sun State") was a securities brokerage firm with

offices in among other locations, Tampa, Florida.

10.    The defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA

BOLING used fraudulent hoax voicemails to fraudulently promote the stock of the following

companies:

A.    American Multiplexer Corp. ("AMUT") was a data distribution and

compression provider incorporated under the laws of the State of North

Carolina with its principal place of business in Sunnyvale, California.

AMUT's common stock was publicly traded under the ticker symbol

"AMUT" on the Pink Sheets, a price quotation system primarily used for

trading the securities of small corporations that do not meet the minimum

listing requirements of a national securities exchange.

B.    Donini, Inc. ("DNNI") was a pizzeria franchise management company

incorporated under the laws of the State of New Jersey with its principal

place of business in Canada. DNNI's common stock was publicly traded

under the ticker symbol "DNNI" on the Over the Counter Bulletin Board,

an electronic price quotation system primarily used for trading the

securities of corporations that do not meet the minimum listing

requirements of a national securities exchange.

C.    5G Wireless Communications, Inc. ("FGWC") was a wireless broadband

retailer incorporated under the laws of the State of Nevada with its

principal place of business in Marina Del Rey, California. FGWC's

3

common stock was publicly traded under the ticker symbol "FGWC" on the Over the Counter Bulletin Board.

D.   Innovative Food Holdings, Inc. ("IVFH") was a food distributer to restaurants. IVFH was incorporated under the laws of the State of Florida, and had its principal place of business in Naples, Florida. IVFH's common stock was publicly traded under the ticker symbol "IVFH" on the Pink Sheets.

E.   Maui General Store, Inc. ("MAUG") was a retailer incorporated under the laws of the State of New York with its principal place of business in Hana, Hawaii. MAUG's common stock was publicly traded under the ticker symbol "MAUG" on the Over the Counter Bulletin Board.

F.   Power3 Medical Products, Inc. ("PWRM") was a healthcare and development stage biotechnology company incorporated under the laws of the State of New York with its principal place of business in The Woodlands, Texas. PWRM's common stock was publicly traded under the ticker symbol "PWRM" on the Over the Counter Bulletin Board.

G.   Twister Networks Inc. ("TWTN") was a telecommunications company publicly traded under the ticker symbol "TWTN" on the Pink Sheets.

**THE CONSPIRACY**

11.   From in or about July 2004, through in or about August 2004, in the District of Columbia and elsewhere, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING, together with others known and unknown to the Grand Jury, unlawfully, willfully, and

4

knowingly did conspire, confederate, and agree together with each other to commit offenses

against the United States, to wit, to commit:

    (A)    Securities Fraud, that is to willfully, and knowingly, by the use of the

means and instrumentalities of interstate commerce, the mails, and the facilities of

national securities exchanges, directly and indirectly, use and employ

manipulative and deceptive devices and contrivances in violation of 17 C.F.R. §

240.10b-5, by:  (a) employing devices, schemes, and artifices to defraud, (b)

making untrue statements of material facts and omitting to state material facts

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading, and (c) engaging in acts, practices,

and courses of business which operated and would operate as a fraud and deceit

upon a person in connection with the purchase and sale of securities, all in

violation of 15 U.S.C. §§ 78j(b) and 78ff; and

    (B)    Wire Fraud, that is, having devised and intending to devise a scheme and

artifice to defraud, and for obtaining money and property by means of false and

fraudulent pretenses, representations, and promises, to willfully and knowingly

transmit and cause to be transmitted by means of wire communications in

interstate commerce, signs, signals, pictures, and sounds for the purpose of

executing such scheme and artifice, in violation of 18 U.S.C. § 1343.

    12.    It was a goal of the conspiracy for defendants JEFFREY S. MILLS, RODERIC L.

BOLING and ANNA BOLING, together with others known and unknown to the Grand Jury:  (A)

to unlawfully enrich themselves by engaging in a scheme to artificially inflate the market price of

and market demand for the common stock of the following companies, and to fraudulently induce investors to purchase shares of the common stock of the following companies: MAUG, IVFH, PWRM, FGWC and DNNI; and (B) to conceal these criminal activities from the United States Securities and Exchange Commission ("SEC"), the securities markets, and the actual and prospective investors in the stock of MAUG, IVFH, PWRM, FGWC and DNNI.

13.     At various times in or about July 2004 through August 18, 2004, defendants RODERIC L. BOLING, JEFFREY S. MILLS and ANNA BOLING caused TBC to broadcast fraudulent hoax voicemail messages containing the voice of ANNA BOLING to voicemail systems and answering machines throughout the United States, including within the District of Columbia, that were intended to deceive prospective investors into believing they had inadvertently received a confidential stock tip intended for the close friend of the person leaving the voicemail message on their voicemail/answering machines.  The fraudulent hoax voicemail campaigns touting the stocks of MAUG, IVFH, PWRM, DNNI and FGWC resulted in material increases in the price and volume of each of the stocks.

## MANNER AND MEANS OF THE CONSPIRACY

To further the objects and goals of the conspiracy, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING, together with others known and unknown to the Grand Jury, would and did use the following manners and means, among others:

14.     It was part of the conspiracy that defendant JEFFREY S. MILLS would agree to publicize and promote the stock of certain publicly traded companies in return for stock or cash compensation, all the while intending to promote the stock with hoax voicemails designed

6

fraudulently to induce unwitting investors to purchase the stock and thereby artificially inflate and manipulate the market price and market demand for the stock.

15.     It was further part of the conspiracy that defendant RODERIC L. BOLING engaged the services of TBC to broadcast voicemail messages touting several publicly traded stocks, and instructed TBC to perform the voicemail campaign in a manner designed to conceal from persons receiving the stock tout voicemails that they were receiving hoax misdirected voicemails. For example, BOLING instructed Michael O'Grady, an owner of TBC, that the stock tout messages should never be broadcast to the same number twice, and that the recorded message should only be played to an answering machine or voicemail system.

16.     It was further part of the conspiracy, in order to conceal the involvement of BOLING and his co-conspirators in the hoax voicemail campaign and to make it more difficult for law enforcement authorities, victims and regulators to investigate the campaign, that defendant RODERIC L. BOLING:

A     at the beginning of the campaign, instructed Michael O'Grady that: knowledge of the voicemail campaign be kept to a minimum of TBC's employees; all orders for the voicemail campaign would be done over the telephone; BOLING did not want e-mails or written reports utilized during the campaign; and the campaign would be paid for completely in cash; and

B.     toward the end of the campaign and at the end of the campaign, instructed Michael O'Grady to delete and destroy certain records and files at TBC that were related to RODERIC L. BOLING and the fraudulent hoax voicemail campaign.

7

17.    It was further part of the conspiracy that defendants JEFFREY S. MILLS,
RODERIC L. BOLING and ANNA BOLING caused the creation and nationwide distribution of
hoax voicemail messages containing the voice of ANNA BOLING to fraudulently induce
unwitting investors to purchase shares of stock at artificially inflated prices. Each hoax message
purported to be a message left by a woman for her close friend in which she attempted to convey
to her close friend a hot stock tip from a "hot stock exchange guy" that she was or had been
dating, whose previous stock tip had been accurate and very lucrative for her father. By design,
each hoax message was made to appear to have been mistakenly left on the listener's answering
machine or voicemail system rather than on the close friend's system or machine. Each hoax
message was also made to appear to have been left on a single machine. In truth and in fact, as
the co-conspirators well knew, each "misdirected" hoax message contained a fictitious stock tip
which was intentionally distributed to thousands of answering machines/voicemail systems
throughout the country for the purpose of artificially inflating and manipulating the market price
of, and demand for, the stock touted in each message.

18.    It was further part of the conspiracy that defendants JEFFREY S. MILLS,
RODERIC L. BOLING and ANNA BOLING caused the distribution of hoax voicemail messages
containing the voice of ANNA BOLING which made the following misrepresentations to the
listener:

      A.    falsely represented that the company, whose stock was touted in the
           message, was going to make a big news announcement that week;

8

B.    falsely represented that the person leaving the voicemail message and her father were both going to be buying a bunch of the touted securities the following day;

C.    falsely represented that the person leaving the voicemail had only told her father and two other people about the stock tip;

D.    falsely represented that the stock tip was "kind of a secret;"and

E.    falsely represented that the person leaving the voicemail was still in New York.

19.    It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused the distribution of hoax voicemail messages touting the stocks of MAUG, IVFH, FGWC, PWRM, DNNI, AMUT and TWTN to unwitting prospective investors throughout the United States which were substantially similar to the following:

> Hey Steph, it's Wendy. I looked for your old number and I couldn't find it but Brady says this is your new one. I hope it's the right one. Anyway, remember Evan, that hot stock exchange guy I'm dating – he gave my dad that hot stock tip in June on SMSI and it went from a buck to like five bucks in two weeks and you were mad because I didn't call you? Well, I'm calling you now. There's this new company that supposedly developed some zillion dollar cancer test thing, and it's going to go up big this week – some patent thing, whatever that is. Anyway, the stock symbol is P-W-R-M, and he says it gonna open cheap, like $2.50 – I'm sorry, I'm eating 'cause I'm starving – it's $2.50 now and it's going to take off after this weekend so get as much as you can. Call me on my cell phone, okay. I'm still in New York. Um, my dad and I are going to be buying a bunch tomorrow and the only people I told is Sam and Ellen–it's kind of a secret. Okay, so give me a call or email me. I love you. Bye.

20.    It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused the distribution of a fraudulent hoax

9

voicemail message recommending the purchase of MAUG stock which fraudulently predicted without a reasonable basis that the price per share of MAUG stock would "go up to five or six bucks this week."

     21.     It was further part of the conspiracy that defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING fraudulently did not disclose to recipients of the hoax voicemail messages that persons responsible for distributing the messages recommending the purchase of the stocks touted in the messages were being compensated or had been promised compensation for distributing the voicemail messages with buy recommendations.

     22.     It was further part of the conspiracy that JEFFREY S. MILLS, in order to profit from the fraudulent scheme:

         A.     caused 250,000 shares of IVFH stock to be deposited into the securities brokerage account of Direct Results at Sun State as payment for promoting the stock of IVFH;

         B.     utilized the Direct Results brokerage account at Sun State to sell approximately 220,000 shares of IVFH stock during the time that IVFH stock was being promoted with fraudulent hoax voicemails;

         C.     instructed D.B. to transfer a large number of shares of DNNI and FGWC stock to a brokerage account at Sun State in the name of a company controlled by R.B. as payment for a promotion of DNNI and FGWC stock.

     23.     It was further part of the conspiracy that defendants JEFFREY S. MILLS and RODERIC L. BOLING, in order to profit from the scheme, traveled to Gulfport, Mississippi to

10

collect a bag of cash as payment for distributing fraudulent hoax voicemail messages touting a

publicly traded security.

## OVERT ACTS

Within the District of Columbia and elsewhere, in furtherance of the above described

conspiracy and in order to carry out the objects thereof, JEFFREY S. MILLS, RODERIC L.

BOLING, ANNA BOLING, and others known and unknown to the Grand Jury committed the

following overt acts, among others:

24.    In or about July 2004, defendant JEFFREY S. MILLS spoke to R.B. and agreed to

do an investor relations campaign to promote MAUG and MAUG stock in return for a portion of

the proceeds from the sale of MAUG stock owned by R.B.

25.    In or about July 2004, defendant JEFFREY S. MILLS spoke to D.B. and agreed to

do an investor relations campaign to promote IVFH stock in return for compensation of 250,000

shares of IVFH stock.

26.    In or about July 2004, defendant JEFFREY S. MILLS spoke to D.B. and agreed to

do an investor relations campaign to promote DNNI and FGWC stock in return for a promise of

compensation in the form of a large number of shares of DNNI and FGWC stock.

27.    In or about July and August 2004, defendant JEFFREY S. MILLS spoke to an

unindicted co-conspirator and agreed to conduct an investors relations campaign to promote

PWRM stock in return for a promised large cash payment.

28.    In or about late July 2004, defendant RODERIC L. BOLING engaged TBC to

broadcast voicemail messages touting several publicly traded stocks, and instructed TBC to

11

perform the voicemail campaign in a manner designed to conceal from persons receiving the stock tout voicemails that they were receiving fraudulent hoax voicemails.

29.     In or about late July 2004, defendant RODERIC L. BOLING instructed Michael O'Grady that TBC should never broadcast a stock tout message to the same number twice, and that the recorded stock tout message should only be played to an answering machine or voicemail system.

30.     On or about July 24, 2004, defendants ANNA BOLING and RODERIC L. BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which touted the stock of MAUG, for distribution by TBC.

31.     On or about July 28, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed O'Grady that a message had been dropped onto the TBC system which promoted MAUG stock. BOLING encouraged O'Grady to purchase MAUG stock and to wait for the promotion to kick in.

32.     On or about August 3, 2004, defendant JEFFREY S. MILLS deposited a check in the amount of $9,833 into a bank account for his company, Direct Results. MILLS had received the $9,833 check as partial payment for executing an investment relations campaign for MAUG stock.

33.     On or about August 5, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed him that the next voicemail campaign would involve IVFH stock. BOLING advised O'Grady to purchase shares of IVFH stock.

34.     On or about August 6, 2004, defendants RODERIC L. BOLING and ANNA BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which touted the stock of IVFH, for distribution by TBC.

35.     On or about August 6, 2004, defendant JEFFREY S. MILLS deposited a check in the amount of $15,400 into a bank account for his company, Direct Results.  MILLS had received the $15,400 check as payment for executing an investment relations campaign for MAUG stock.

36.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which touted the stock of PWRM, for distribution by TBC.

37.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message which touted the stock of FGWC, for distribution by TBC.

38.     On or about August 11, 2004, defendants RODERIC L. BOLING and ANNA BOLING called a toll free number from their home telephone in Altamonte Springs, Florida and ANNA BOLING recorded onto the onebox system a fraudulent hoax voicemail message, which touted the stock of DNNI, for distribution by TBC.

39.     On or about August 12, 2004, defendant JEFFREY S. MILLS caused the securities brokerage account for Direct Results to sell 130,000 shares of IVFH stock for approximately $49,710.

13

40.     On or about August 12, 2004, defendant RODERIC L. BOLING called Michael O'Grady and informed him that voicemail messages would be distributed that promoted FGWC stock and DNNI stock. BOLING advised O'Grady to purchase FGWC and DNNI stock.

41.     On or about August 13, 2004, defendant JEFFREY S. MILLS caused the securities brokerage account for Direct Results to sell 30,000 shares of IVFH stock for approximately $13,705.66.

42.     On or about August 16, 2004, defendant JEFFREY S. MILLS caused the securities brokerage account for Direct Results to sell 60,000 shares of IVFH stock for approximately $20,657.

43.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "N.A." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for N.A.

44.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "F.B." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for F.B.

45.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "L.M." in the District of Columbia, and caused TBC to leave a

14

fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for L.M.

46.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "L.P." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for L.P.

47.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "J.J." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for J.J.

48.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "B.C." in the District of Columbia, and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for B.C.

49.     On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L. BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas, Texas to the telephone of "T.S." in the District of Columbia and caused TBC to leave a fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail system for T.S.

50.    On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L.
BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas,
Texas to the telephone of "D.G." in the District of Columbia, and caused TBC to leave a
fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail
system for D.G.

51.    On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L.
BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas,
Texas to the telephone of "W.W." in the District of Columbia, and caused TBC to leave a
fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail
system for W.W.

52.    On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L.
BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas,
Texas to the telephone of "L.B." in the District of Columbia, and caused TBC to leave a
fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail
system for L.B.

53.    On or about August 16, 2004, defendants JEFFREY S. MILLS, RODERIC L.
BOLING and ANNA BOLING caused TBC to place an interstate telephone call from Dallas,
Texas to the telephone of "A.B." in the District of Columbia, and caused TBC to leave a
fraudulent hoax voicemail touting the stock of PWRM on the answering machine/voicemail
system for A.B.

54.    On or about the morning of August 18, 2004, defendants RODERIC L. BOLING
and ANNA BOLING made several telephone calls to a toll free number from their home

16

telephone in Altamonte Springs, Florida and ANNA BOLING recorded fraudulent hoax

voicemail messages onto the onebox system for distribution by TBC which touted the stock of

AMUT, TWTN, and PWRM.

55.    On or about the afternoon of August 18, 2004, defendants RODERIC L. BOLING

and ANNA BOLING made four telephone calls to a toll free number from their home telephone

in Altamonte Springs, Florida, and in three of those telephone calls ANNA BOLING recorded

fraudulent hoax voicemail messages onto the onebox system for distribution by TBC which

touted the stock of AMUT, TWTN, and PWRM.

56.    On or about August 23, 2004, defendant JEFFREY S. MILLS caused the

brokerage account for Direct Results to sell 30,000 shares of IVFH stock for approximately

$7,196.

**(Conspiracy and Aiding and Abetting, causing an act to be done,
in violation of Title 18 United States Code, Sections 371 and 2).**

## COUNT TWO
(Securities Fraud)

57.    The allegations contained in paragraphs 1 through 10, 13, and 24 through 56 of

this Indictment are repeated and re-alleged as if fully set forth herein.

58.    The allegations contained in paragraphs 14 through 23 of this Indictment are

repeated and re-alleged as if fully set forth herein as describing the manipulative and deceptive

devices and contrivances and manner and means of the scheme to defraud used and employed by

defendants JEFFREY S. MILLS, RODERIC L. BOLING, ANNA BOLING and others known

and unknown to the Grand Jury in contravention of Title 17, Code of Federal Regulations,

Section 240.10b-5.

17

59.     On or about August 16, 2004, in the District of Columbia and elsewhere, defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING, together with others known and unknown to the Grand Jury, willfully and knowingly, directly and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, did use and employ, in connection with the purchase and sale of securities, manipulative and deceptive devices and contrivances in violation of Title 17, Code of Federal Regulations, Section 240.10b-5 by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and a course of business which operated and would operate as a fraud and deceit upon a person, in connection with the purchase and sale of the common stock of Power3 Medical Products, Inc.

**(Securities Fraud, in violation of Title15, United States Code, Sections 78j(b)
and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Aiding and
Abetting, causing an act to be done, in violation of Title 18
United States Code, Section 2).**

## COUNTS THREE THROUGH NINE
(Wire Fraud)

### THE SCHEME

60.     The allegations contained in paragraphs 1 through 10, 13, and paragraphs 24 through 56 of this Indictment are repeated and re-alleged as if fully set forth herein.

61.     The allegations contained in paragraphs 14 through 23 of this Indictment are repeated and re-alleged as if fully set forth herein as describing the manner and means of the scheme and artifice to defraud.

18

## THE WIRE COMMUNICATIONS

63.    On or about the dates set forth below, in the District of Columbia and elsewhere, defendants JEFFREY S. MILLS, RODERIC L. BOLING, and ANNA BOLING, together with others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the scheme and artifice, did cause to be transmitted in interstate commerce, by means of wire communications, the signs, signals, and sounds, as set forth below:

| COUNT | DATE | INTERSTATE WIRE COMMUNICATION |
|---|---|---|
| THREE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of T.S. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| FOUR | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of W.W. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| FIVE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of L.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| SIX | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of F.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |

19

| SEVEN | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of N.A. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| EIGHT | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of L.P. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |
| NINE | 8/16/2004 | Caused a telephone call originating in Dallas, Texas to be placed over the interstate wires to the telephone number of A.B. in the District of Columbia in which the fraudulent hoax voicemail touting the stock of PWRM was played. |

**(Wire Fraud in violation of Title 18, United States Code, Section 1343; Attempted Wire Fraud in violation of Title 18, United States Code, Section 1349; Aiding and Abetting, causing an act to be done, in violation of Title 18, United States Code, Section 2)**

A TRUE BILL.

FOREPERSON  _Michael Risoto_

ATTORNEY FOR THE UNITED STATES
AND FOR THE DISTRICT OF COLUMBIA

_Kenneth L. Wainstein_  1/2T

20

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                        Case No.  06-1261-01

**JEFFREY S. MILLS #1**
**RODERIC L. BOLING #2**
**ANNA BOLING #3**

AUSA: Katherine Ho
Defense Atty.: James T. Skuthan #1
Kirk Kirkconnell #2
Manny Hernandez #3

| JUDGE | James G. Glazebrook United States Magistrate Judge | DATE AND TIME | August 1, 2006 3:10-3:55 |
|-------|-----------------------------------------------------|---------------|--------------------------|
| DEPUTY CLERK | Kim Anderson | TAPE/REPORTER | 2006-33:3113-3862 |
| INTERPRETER | | PRETRIAL/PROB: | Mike Chatman |

## CLERK'S MINUTES
## Initial Appearance on Rule 5c from D/Columbia on Indictment Defendants' self surrendered today

3113 Case called, appearances made, procedural setting by Court
3148 Gov summarizes charges
3212 Dfts advised of right to counsel
3236 Dft Mills states he has retained counsel although he is not present
3297 Court to take a brief recess to call Dft Mills counsel
3324 Court in recess (3:20)
3325 Court back in session (3:22)
3350 Court back on record attorney Mark Horowitz is present in the courtroom (3:30)
3356 Court back on the record
3394 Counsel Horowitz addresses the court
**3446 Court recognizes Mr. Horowitz' appearance for defendant Mills  here is limited**
3514 No issue as to either defendant
3545 Gov recommends release on Own Recognizance and to surrender passport
3654 Court releases dft Mills on Own Recognizance
     Court releases dft Anna Boling on Own Recognizance
3793  Court releases dft Roderic Boling on conditions: $75,000 unsecured bond
       -Pretrial Services  Supervision
       -Surrender passport if it has not been turned over to the case agent already
       -Travel restricted to the Middle and Southern Dist. Of Florida and the District Columbia
       for travel for court purposes
       -Maintain legitimate verifiable employment
3862 Court adjourned

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

MIDDLE  DISTRICT of  FLORIDA

USA

v.

Jeffrey S. Mills

*Limited* **APPEARANCE**

Case No: 06-1261-01

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for    Jeffrey S. Mills

I certify that I am admitted to practice in this court.

8-1-06
Date

_____
Signature

Mark Horowitz
Print Name                              Bar Number

17 E. Pine St.
Address

Orlando                    FL  32801 -
City                        State      Zip Code

407-843-7733     407-849-1321
Phone Number                          Fax Number

AO 458 (Rev. 10/95)  Appearance

# UNITED STATES DISTRICT COURT

MIDDLE  DISTRICT of  FLORIDA

*USA*

*Limited*
**APPEARANCE**

v.

*Roderic L. Boling*

Case No: *06- 1261-02*

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for   *Roderic L. Boling*

I certify that I am admitted to practice in this court.

*8-1-06*
Date

Signature

*Kirk Kirkconnell*
Print Name                                      Bar Number

*PO Box 2728*
Address

*Winter Park*              FL    *32790-2728*
City                             State        Zip Code

*407 - 644 -7600*          *407-645 - 0805*
Phone Number                           Fax Number

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

        v.

                                       Case No.:
                                       (Case No. 1:06-cr-00228-ESH-3)

ANNA BOLING #3
_____/

## NOTICE OF APPEARANCE

To the Clerk of this Court and all parties of record:

Enter my limited appearance as counsel in this case for ANNA BOLING only for proceedings

in the Middle District of Florida, Orlando Division, regarding removal to the United States District

Court for the District of Columbia in Case No. 1:06-cr-00228-ESH-3.

In Orlando, Florida, this August 1, 2006.

                              H. MANUEL HERNÁNDEZ, P.A.

                              H. Manuel Hernández
                              Florida Bar No. 0775843
                              P.O. Box 916692
                              Longwood, FL  32791
                              Telephone:  407-682-5553
                              FAX:  407-682-5543
                              E-mail:  hmh4law@cfl.rr.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this August 1, 2006, I hand delivered copy of the foregoing document

to Assistant U.S. Attorney Katherine Ho, U.S. Attorney's Office, Middle District of Florida.

                              H. MANUEL HERNÁNDEZ

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                              **Case No.**                    **06-1261-01**

**JEFFREY S. MILLS**

## PERSONAL RECOGNIZANCE RELEASE

    **IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1)    The defendant **shall not commit** any offense in violation of federal, state or local law while on release in this case.

(2)    The defendant **shall immediately advise** the court, Pretrial Services Office, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)    The defendant **shall appear** at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear **upon notification by the Clerk of Court**.

## ADDITIONAL CONDITIONS OF RELEASE

    In order reasonably to assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

    **Defendant released on own recognizance.**
    **Defendant to surrender passport to the clerk of court.**

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

    **YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:**

    A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

    The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

    Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

AO 199A  Rev. 2/04

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3)     any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State                                    Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

The defendant is **ORDERED** released after processing.

Date:     August 1, 2006

_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Distribution:  COURT    DEFENDANT    PRETRIAL SERVICES    U. S. ATTORNEY    U.S. MARSHAL

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

-vs-

RODERIC L. BOLING

Case No. 06-1262-02

# ORDER SETTING
# CONDITIONS OF RELEASE

**IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1)     The defendant **shall not commit** any offense in violation of federal, state or local law while on release in this case.

(2)     The defendant **shall immediately advise** the court, Pretrial Services Office, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)     The defendant **shall appear** at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear in the George C. Young United States Courthouse and Federal Building in the Courtroom directed upon notice.

# ADDITIONAL CONDITIONS OF RELEASE

In order reasonably to assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

### Unsecured Financial Condition

● The defendant executes an unsecured bond binding the defendant to pay the United States the sum of **$75,000** in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

● report as directed by the Pretrial Services Office.

● maintain or actively seek employment.

● surrender any **passport** to Clerk, U.S. District Court.

● abide by the following restrictions on personal association, place of abode, or travel: Defendant is restricted in residence and travel to the Middle and Southern Districts of Florida and the District of Columbia for travel for court purposes as directed by Pretrial Services.

# ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

## YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3)     any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

# ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State                          Telephone

# DIRECTIONS TO THE UNITED STATES MARSHAL

☑ The defendant is **ORDERED** released after processing.

☐ The United States marshal is **ORDERED** to keep the defendant in custody until notified by the Clerk or Judicial Officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.


Date:    August 1, 2006

_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                            **Case No. 06-1262-02**

**RODERIC L. BOLING**

## APPEARANCE BOND

**Non-surety:**    I, the undersigned defendant acknowledge that I and my . . .

**Surety:**  We, the undersigned, jointly and severally acknowledge that we and our . . .
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of **$75,000**, and there has been no deposit made into the Registry of the Court.

The conditions of this bond are that the defendant **RODERIC L. BOLING** is to appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on August 1, 2006 at Orlando, Florida.

Defendant _____    Address _____

Surety _____    Address _____

Surety _____    Address _____

Signed and acknowledged before me on August 1, 2006.

Deputy Clerk: _____

Approved by: _____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

AO98 (Rev. 8/85) Appearance Bond

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                    **Case No.**                    **06-1261-03**

**ANNA BOLING**

## PERSONAL RECOGNIZANCE RELEASE

**IT IS ORDERED** that the release of the defendant is subject to the following conditions and provisions:

(1)    The defendant **shall not commit** any offense in violation of federal, state or local law while on release in this case.

(2)    The defendant **shall immediately advise** the court, Pretrial Services Office, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3)    The defendant **shall appear** at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear **upon notification by the Clerk of Court**.

## ADDITIONAL CONDITIONS OF RELEASE

In order reasonably to assure the appearance of the defendant and the safety of other persons and the community, it is **FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

**Defendant released on own recognizance.**

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

### YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

     If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1)     an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2)     an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned not more than five years, or both;

(3)     any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4)     a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

     A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## ACKNOWLEDGMENT OF DEFENDANT

     I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

_____
City and State               Telephone

## DIRECTIONS TO THE UNITED STATES MARSHAL

     The defendant is **ORDERED** released after processing.

Date:     August 1, 2006

_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Distribution: COURT   DEFENDANT   PRETRIAL SERVICES   U. S. ATTORNEY   U.S. MARSHAL

AO 199A  Rev. 2/04

-2-

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                    **Case No.  06-1261-JGG**

**JEFFREY S. MILLS**

_____

## FINDINGS AND ORDER ON REMOVAL PROCEEDINGS
## PURSUANT TO RULE 5(c), FED.R.CRIM.P.

      **JEFFREY S. MILLS,** having been arrested and presented before me for removal proceedings

pursuant to Rule 5(c), Federal Rules of Criminal Procedure, and having been informed of the rights specified

in Rule 5(d) thereof, and of the provisions of Rule 20, the following has occurred of record.

      An Initial Appearance on the Rule 5(c) Indictment from District of Columbia was held on
August 1, 2006.

      After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that
**JEFFREY S. MILLS** is the person named in the warrant for arrest, a copy of which has been
produced.

      It is, therefore,

      **ORDERED** that **JEFFREY S. MILLS** be held to answer in the district court in which the prosecution

is pending.

      **DONE** and **ORDERED** in Chambers in Orlando, Florida, this _____3rd_____ day of August, 2006.


                                          JAMES G. GLAZEBROOK
                                   UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Charging District
United States Attorney
United States Marshal
Pretrial Services Office
Defense Counsel

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                    **Case No. 06-1261-JGG**

**RODERIC L. BOLING**

_____

# FINDINGS AND ORDER ON REMOVAL PROCEEDINGS
# PURSUANT TO RULE 5(c), FED.R.CRIM.P.

    **RODERIC L. BOLING**, having been arrested and presented before me for removal proceedings

pursuant to Rule 5(c), Federal Rules of Criminal Procedure, and having been informed of the rights specified

in Rule 5(d) thereof, and of the provisions of Rule 20, the following has occurred of record.

    An Initial Appearance on the Rule 5(c) Indictment from District of Columbia was held on
August 1, 2006.

    After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that
**RODERIC L. BOLING** is the person named in the warrant for arrest, a copy of which has
been produced.

    It is, therefore,

    **ORDERED** that **RODERIC L. BOLING** be held to answer in the district court in which the

prosecution is pending.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida, this ___3___ day of August, 2006.


_____
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Charging District
United States Attorney
United States Marshal
Pretrial Services Office
Defense Counsel

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                        **Case No.  06-1261-JGG**

**ANNA BOLING**

_____

## FINDINGS AND ORDER ON REMOVAL PROCEEDINGS
## PURSUANT TO RULE 5(c), FED.R.CRIM.P.

    **ANNA BOLING**, having been arrested and presented before me for removal proceedings pursuant

to Rule 5(c), Federal Rules of Criminal Procedure, and having been informed of the rights specified in Rule

5(d) thereof, and of the provisions of Rule 20, the following has occurred of record.

    An Initial Appearance on the Rule 5(c) Indictment from District of Columbia was held on
August 1, 2006.

    After hearing the evidence, and based on the defendant's waiver of identity hearing, I find that
**ANNA BOLING** is the person named in the warrant for arrest, a copy of which has been
produced.

    It is, therefore,

    **ORDERED** that **ANNA BOLING** be held to answer in the district court in which the prosecution is

pending.

    **DONE** and **ORDERED** in Chambers in Orlando, Florida, this ____3rd____ day of August, 2006.


                              JAMES G. GLAZEBROOK
                           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Charging District
United States Attorney
United States Marshal
Pretrial Services Office
Defense Counsel