IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR 06-228(ESH) |
| v. | : | |
| RODERIC L. BOLING | : | |
| | : | |

## MOTION TO SEVER

Defendant Roderic L. Boling, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 14, for an Order severing his trial from that of his co-defendant(s). The defendant relies upon the following facts, points and authorities, and any other facts, points and authorities that may be cited at a hearing on this motion:

## FACTS

1. Mr. Boling has been indicted, along with two other defendants, for offenses that are outlined in a 20 page, 9 count, indictment. The defendants who appear to be going to trial (hereinafter referred to as the *trial co-defendants*) are alleged to have engaged in numerous activities related to Conspiracy, wire and securities fraud and aiding and abetting, from on or about July 2004 until August of 2004.

2. Mr. Boling is a named defendant in all 9 counts charged in the indictment.

## ARGUMENT

3. Rule 14 of the Federal Rules of Criminal Procedure gives district courts broad powers to prevent prejudice that may result from joining offenses and defendants together in a single indictment:

> If the joinder of offenses or defendants in an indictment, ... appears to prejudice a defendant ..., the court may order separate trials of counts, sever the defendant's trials, or provide any other relief that justice requires.

Fed.R.Crim.P. 14.

**Sever Defendants**

    4. Although a joint trial may be preferable, "Rule 14 provides the Court with 'great latitude to sever defendants,'" *United States v. Cisneros*, 26 F.Supp.2d 13, 19 (D.D.C. 1998)(quoting *United States v. Brown*, 16 F.3d 423, 432 (D.C. Cir. 1994)), and a court should sever defendants when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Lincoln*, 992 F.2d 356, 359 (D.C.Cir. 1993) (per curiam) (quoting *United States v. Zafiro*, 506 U.S. 534, 538 (1993)). *Accord, Cisneros*, 26 F.Supp.2d at 19. For example, "severance may be required . . . when the evidence against one defendant is 'far more damaging' than the evidence against . . . other[s], and when co-defendants rely on mutually contradictory defenses." *United States v. Manner*, 887 F.2d 317, 324 (D.C. 1982). See also *United States v. Sampol*, 636 F.2d 621, 646 (1980) (*per curiam*) ("[T]he quantity and type of evidence [to be] adduced against the co-defendants is a vital consideration in evaluating the necessity for severance.")

*Disparate Evidence*

    5. In *United States v. Sampol*, 636 F.2d 621 (D.C. Cir. 1980), the Court ruled that disparate evidence and the likely confusion of the jury required that co-defendants be afforded separate trials. One factor creating impermissible prejudice was the great disparity in evidence and the strong likelihood of rub off guilt. Moreover, the Court recognized that it is equally important to consider not only the weight of the evidence, but also the type of evidence to be adduced against the co-defendants. See id. at 645-48.

    6. In United States v. Mardian, 546 F.2d 973 (D.C. Cir. 1976), the court also ruled that disparate evidence required a severance of defendants. See id. at 977

("'dangers of transference of guilt' are such that a court should use 'every safeguard to individualize each defendant'") (quoting Kotteakos v. United States, 328 U.S. 750, 774 (1946)).

7.   In this case the evidence will show that the allegations, supported by direct evidence, against Mr. Boling is far less that the evidence against Mr. Mills. There is direct evidence that Mr. Mills profited from the alleged scheme and that he had knowledge of how the scheme was to work and how to take advantage of it.  Because of this defendant's minimal involvement in the case, from an evidentiary standpoint,  a severance of defendants is warranted.

***Conflicting and Irreconcilable Defenses***

8.   In Zafiro v. United States, 113 S.Ct. 933 (1993), the Supreme Court ruled that a trial court should sever defendants on grounds of mutually antagonistic defenses "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgement about guilt or innocence." id. at 938.  Likewise, the Fourth Circuit held in United States v. Najjar, 300 F.3d 466, 474 (2002), that while the presence of conflicting defenses, standing alone, does not require a severance, severance is required where there is "such a stark contrast presented by the defenses that the jury is presented with the proposition that to believe the core of one defense it must disbelieve the core of the other."

19.   In this case, the indictment alleges a scheme to broadcast thousands of "wrong number" stock tips messages which were allegedly designed to make the receiver of the call think that they had received a legitimate stock tip. The government's disclosed documents demonstrate that Mr. Boling's alleged  involvement with the charged acts in the indictment is that he allegedly engaged the services of Telephone Broadcast Company, LLC., to broadcast these recorded messages.  Mr. Boling's alleged participation in the conspiracy is predicated upon this and his alleged

instructions to the owner of that company on how to conceal Mr. Boling's involvement. There is no evidence that Mr. Boling ever purchased or sold any stock or benefitted from the purchase or sale of any stock. This is not the case with Mr. Mills. The evidence is compelling, if not overwhelming with regard to Mr. Mill's in that he directly benefitted from the alleged "pump and dump" scheme. Mr. Boling will necessarily have to disassociate from the *trial of the co-defendants*, particularly given the governments theory of the case. Therefore, under <u>Najjar</u> a severance is required.

## **CONCLUSION**

WHEREFORE, Mr. Farrell moves this Honorable Court to grant relief consistent with her instant motion.

Respectfully submitted,

_____
Thomas Abbenante #227934
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
202-223-6539

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA** :

                                      CR-06228-(ESH)

   **v.** :

**RODERIC L. BOLING**

### ORDER

      Upon consideration of Defendant, Roderic L. Boling's MOTION TO SEVER and any opposition or lack thereof, it is this_____ day of _____, 2004 hereby

     ORDERED that Roderic L. Boling's trial be severed from the trial of his co-defendants.

                                                    _____
                                                    ELLEN S. HUVELLE, JUDGE
                                                    UNITED STATES DISTRICT COURT