UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

v. : Crim. No. 06-228(ESH)

RODERIC L. BOLING :

DEFENDANT'S OPPOSITION TO GOVERNMENT'S USE OF INTRINSIC OR INEXTRICABLY INTERTWINED EVIDENCE AT TRIAL

Defendant Roderic L. Boling, by and through counsel, opposes the Government's use of alleged intrinsic or inextricably intertwined evidence at trial. In support, defendant states the following.

The Government has filed a Notice of Intrinsic Evidence. Document Number 42. In this Notice, the Government sets forth allegations of uncharged recordings of voicemails, distributions of other voicemails marketing satellite television and travel packages and evidence of an alleged attempt by Mr. Boling to assist Mr. Mills in another stock promotion. In addition they move to present evidence that establishes associations or prior relationships, uncharged conduct in furtherance of the conspiracy and involvement in similar crimes … and [the Government submits] that such evidence is direct evidence of the conspiracy. It is the Government's contention that "[t]his type of evidence arises out of the same transaction as the charged offense, is inextricably intertwined with the charged offense or is necessary to complete or explain the story of the crime on

trial. By claiming that the evidence is inextricably intertwined with the charged offense, the Government seeks to avoid meeting the requirements of Rule 404(b).

Specifically in regard to Mr Boling, the Government seeks to introduce the following: (1) Evidence that Mr. Boling and his wife recorded and distributed voicemails in the summer of 2004 which concerned the installation of satellite televisions systems and travel packages that “appear” to contain false information; (2) Evidence of Mr. Boling’s experience and involvement during the period of late 2003 through July 2004, in arranging for Telephone Broadcast Company to distribute voicemail messages which marketed satellite television and vacation packages ; and (3) Evidence of Mr. Boling’s attempt to assist Mr. Mills in another direct mailer stock promotion campaign.

DISCUSSION

Despite providing 15 pages of “notice”, the Government utterly fails to provide both sufficient detail of what evidence it seeks to admit and sound legal support for its admission. The Government provides a brief overview of the testimony that will be elicited from Government witnesses. The Government goes on to label all of the evidence as “inextricably intertwined” thereby negating the need to satisfy the requirements of Rule 404(b).[1]

The Government cites D.C. Circuit cases in support of its legal position that the evidence is admissible because it is inextricably intertwined with the

[1] Rule 404(b) evidence is admissible only if the Court finds that the evidence is probative of some issue other than character and that the evidence not be inadmissible under any of the general strictures limiting disability. *United States v. Washington*, 969 F.2d 1073, 1080 (D.C. Cir. 1992).

charged offense such as *United States v. Badru*, 97 F.3d 1471 (1996); However, the cases cited by the Government are both factually and legally distinguishable. Our circuit's most recent opinion on this issue, *United States v. Bowie*, 232 F.3d 923 (2000), calls into question the continued legitimacy of some of cases cited by the Government.

In *Bowie*, the Court wrote, "[I]f the evidence is of an act that is part of the charged offense, it is properly considered intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime might be termed intrinsic if they facilitate the commission of the charged crime. … On the other hand, **we are confident that there is no 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this Circuit.** Such broad exclusions have no discernable grounding in the 'other crimes, wrongs, or acts' language of the rule. Rule 404(b), and particularly its notice requirement, should not be disregarded on such a flimsy basis." *Bowie*, 232 F.3d at 929 (emphasis added). But this exactly is what the Government is arguing by its reliance on *United States v. Badru, supra.* and that decision's definition of "intrinsic other crimes evidence."

In *Badru*, the Government introduced evidence of courier trips to Nigeria . that coincided with occasions when the defendants indicated to the undercover agent they had new heroin to sell. The Court upheld the conspiracy convictions on the theory that the defendants had to obtain the heroin if they were going to distribute heroin. Therefore, the importation was a part of the conspiracy to

distribute. It was, in effect, "necessary to complete the story of the crime … ." *Id.* at 1474.

Yet, even assuming that *Badru* is still good law in light of *Bowie*, the proffered evidence in this case is not a piece that fits so neatly into the puzzle as it did in *Badru*. Rather, the evidence here is all over the place, to say the least. The Government in *Badru* presented evidence of four distinct incidents that served as predicates to the charged offenses. The government in this case seeks to introduce testimony that cannot be described with any particularity. Much of the evidence the government seeks to offer does not pertain to the acts alleged in the indictment.

Not a single one of the cases from the D.C. Circuit that has allowed intrinsic evidence to be introduced has allowed the Government to go as far as it seeks to go in this case. In *United States v. Washington*, 12 F.3d at 1135, the Government was allowed to introduce evidence of a single incident where the defendant used a false identity to obtain medical treatment because it helped establish identity. In *United States v. Garces*, 133 F.3d at 77, the Court allowed evidence of a single fact that there was an arrest warrant for the defendant because it explained why the defendant was arrested. In *United States v. Gartmon*, 146 F.3d at 1015, the Government was allowed to introduce evidence of an assault upon a female confederate and tape recordings of eight conversations between the defendant and the woman. Finally, evidence that the defendant on a single occasion watched a co-defendant sell drugs to an undercover was admissible in *United States v. Allen*, 960 F.2d at 1058. In each

of these cases, the evidence was finite and limited. If the Government is allowed to present its case as it now intends, the jury will most assuredly be overwhelmed and will render guilty verdicts based solely on character evidence. By calling the evidence "inextricably intertwined not only bypasses Rule 404(b) and its attendant notice requirement, but also carries the implicit finding that the evidence is admissible for all purposes notwithstanding its bearing on character, thus eliminating the defense's entitlement, upon request, to a jury instruction. There is, as well, a danger that finding evidence 'inextricably intertwined' may too easily slip from analysis to mere conclusion." *United States v. Bowie*, 232 F.3d at 928.

CONCLUSION

Because the Government has failed to provide a legal basis to support the introduction of the evidence it submits is "intrinsic" or "inextricably intertwined", Defendant asks that this Court preclude the introduction of the evidence outlined in the Government's Notice of Intrinsic Evidence.

Respectfully submitted,

_______/s/__________________

Thomas Abbenante #227934
1919 Pennsylvania Avenue NW
Suite 200
Washington, DC 20006
202-223-6539