UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Criminal No. 06-228 (ESH) |
| : | |
| **v.** : | |
| : | |
| **JEFFREY S. MILLS,** : | |
| **RODERIC L. BOLING, AND** : | |
| **ANNA BOLING** : | |
| : | |
| **Defendant.** : | |
| : | |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO
DEFENDANT ANNA BOLING'S MOTION FOR SANCTIONS**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this memorandum in opposition to defendant Anna Boling's motion for sanctions, and for the reasons set forth herein, respectfully requests that defendant Anna Boling's non-meritorious motion for sanctions be denied.

**I.    BACKGROUND**

On March 2, 2007, defendant Anna Boling with her lawyer participated in a voluntary debriefing at the U.S. Attorney's Office, which was governed by the terms of a debriefing agreement attached as Exhibit 1.[1] Prior to the beginning of the debriefing, Ms. Boling and her

---

[1] During the pre-trial phases of this criminal prosecution, Counsel for Anna Boling at various times informed the United States that she believed the Government was pursuing an unjust prosecution because her client did not have the requisite criminal intent. Counsel for Anna Boling represented that she believed that if the Government heard what her client had to say, the Government would agree that Anna Boling did not have criminal intent to commit the crimes charged in the Indictment. The Government responded that the Government could not evaluate these claims of lack of criminal intent without hearing from Anna Boling, and offered to have a debriefing pursuant to the Government's standard debriefing agreement. The Government represented that if the Government was convinced after a debriefing that Anna Boling had not had the requisite criminal intent to commit the crimes charged in the Indictment, **and** the Government believed that Anna Boling had been completely truthful in her debriefing, the Government would move to dismiss the charges against her.

counsel met privately so that Counsel for Ms. Boling could thoroughly explain the terms of the debriefing agreement. After this meeting, Ms. Boling and her counsel each represented that they had both read, understood and signed Exhibit 1. Prior to beginning the debriefing, Counsel for the Government also went through each of the terms of the debriefing agreement so that all parties understood the terms under which the debriefing would be conducted, and fully understood the very limited restrictions that would be placed on the Government's use of information provided during the debriefing. Ms. Boling affirmed that she understood all of the terms of the debriefing agreement, and that she wished to proceed. Ms. Boling confirmed that she understood that no promises were being made to her that were not memorialized in Exhibit 1. Ms. Boling also declined an invitation to talk to her lawyer further in private before any questioning began. The Government made clear that the main purpose of the debriefing was to investigate Anna Boling's claim that she had had no criminal intent to commit the crimes charged in the Indictment.

     The terms of the debriefing agreement are clear and unambiguous. The only restriction that was placed on the Government's use of the information provided during the debriefing was that none of Anna Boling's statements would be used directly against her in the government's case-in-chief at any criminal trial, except in any proceeding relating to a prosecution of Ms. Boling for perjury or obstruction of justice (at which any statements would be fully admissible against her during the government's case-in-chief). Under the agreement, the Government was expressly authorized: to make derivative use of any statements or information provided by Ms. Boling; to use any of Anna Boling's statements to impeach the testimony of Anna Boling or that of any witnesses presented on her behalf in any criminal proceeding including the trial of Ms.

Boling; and to introduce any of the statements to rebut evidence offered on Ms. Boling's behalf in any criminal proceeding, including any trial of Ms. Boling.  Importantly, there was no representation or promise in the debriefing agreement that the United States would not produce a summary of Anna Boling's statements to co-defendants during pre-trial discovery; nor was any such oral promise or representation made or requested.

At the conclusion of Anna Boling's voluntary debriefing, the United States was convinced that Ms. Boling had not been completely truthful, and that she had in fact possessed the necessary criminal intent when she committed the acts charged in the Indictment.  At the debriefing, the United States explained to Anna Boling and her counsel the reasons why the United States was convinced that she had indeed acted with criminal intent.

The case agent drafted a Memorandum of Interview which documented Ms. Boling's statements during the debriefing and contained relevant and material information to defendants Mills and Roderic Boling.[2]  The Memorandum of Interview also contained information relevant to the defendants' pending motions for severance as well as arguably exculpatory information.  It was decided in consultation with supervisors that it would be prudent to produce the Memorandum of Interview to counsel for all co-defendants.

## II. DEFENDANT ANNA BOLING'S MOTION FOR SANCTIONS SHOULD BE DENIED.

Defendant Anna Boling's motion for sanctions against the Government should be denied because it is premised entirely upon the unsupported, mistaken and inaccurate claims that the

---

[2]The Postal Inspector case agent attended the debriefing of Anna Boling and was introduced to Anna Boling and her lawyer at the outset.  The Postal Inspector took notes of Boling's statements during the debriefing in the defendant's presence.

Government's provision of the Memorandum of Interview of Anna Boling to co-defendants: (1) somehow violated the terms of debriefing agreement; (2) violated an alleged established policy of the U. S. Attorney's Office not to disclose summaries of debriefings during criminal discovery; (3) jeopardized the personal safety of defendant Anna Boling and her children; and (4) caused defendant Boling unfair prejudice.

Providing the Memorandum of Interview of Anna Boling to co-defendants in no way violated the terms, or spirit, of the debriefing agreement. In order to assure that there would be no misunderstandings as to the meaning of "off the record" debriefing, the debriefing agreement specifically set forth **all** of the ground rules for the debriefing, and explained in detail the very limited restrictions on the use by the Government of any information and statements Anna Boling might provide during the debriefing.[3] The only restrictions on the Government's use of such statements and information concerned the Government's use of the statements during trial. As Anna Boling herself acknowledges in her motion, there is no restriction whatsoever in the debriefing letter on the Government's ability to provide copies of a summary of the debriefing to co-defendants in criminal discovery. <u>Anna Boling Motion for Sanctions</u>, at ¶ 5, page 2. Indeed, the Government has well understood discovery, <u>Giglio</u>, and <u>Brady</u> obligations, and it could never agree, prior to hearing the statements made in a debriefing, not to provide a summary of the information conveyed in a debriefing to a defendant with a pending case. This position is consistent with all witness interviews and debriefings conducted by this Office.

---

[3]Government Counsel also carefully reviewed the terms of the debriefing letter with Ms. Boling and her counsel prior to the beginning of the debriefing.

In this case, all of the defendants, including Anna Boling, have made specific requests for any written or recorded statements by themselves or their co-defendants. From the beginning of discovery in this case, the United States has provided all defendants with summaries of statements made by co-defendants, and has not received any complaints about this practice from defense counsel.[4] Notably, Anna Boling has characterized some of her statements in the debriefing as "mildly exculpatory" of Roderic Boling. The United States properly decided to provide copies of the Memorandum of Interview of Anna Boling to all co-defendants to assure that it had complied with it's Rule 16 discovery obligations and had provided co-defendants with information which might be relevant to their severance motions. Notwithstanding defendant Anna Boling's unsupported assertions to the contrary, producing the Memorandum of Interview in no way violated the terms or spirit of the debriefing agreement. The Government is not aware of any binding precedent which holds that the Government's compliance with its Rule 16 discovery obligations is, or ever could be, so prejudicial as to require sanctions against the Government. The claim that the Government's production of the Memorandum of Interview to co-defendants constituted prosecutorial misconduct is utterly preposterous.

Similarly, providing all co-defendants with a copy of the Memorandum of Interview did not cause any danger to the safety of Anna Boling or her children. The defendant has not articulated, and the United States has no basis to believe, that there is any issue of safety implicated by Government's actions in providing the Memorandum of Interview to co-

---

[4]After the Memorandum of Interview of Anna Boling was provided to all counsel, Counsel for Roderic Boling called the Government and asked why the summaries of Roderic Boling's statements to the FBI in Florida had been provided to all counsel in the case. After receiving the Government's explanation, Counsel for Roderic Boling did not protest the Government's provision of the summary of his client's statements to all counsel.

defendants Roderic Boling and Mills in this white collar criminal prosecution. The Government understands that Roderic Boling was aware that Anna Boling was going to participate in a voluntary debriefing, and specifically approved of her doing the debriefing with the United States. Defendant Mills has no prior criminal record, and there is no indication that Mills would threaten Anna Boling or her family. Indeed, based upon the observations of the Government, it appears that the Bolings and defendant Mills have a very close relationship. The Government is not aware of any history of, or proclivity for violence by Mills, and defendant Anna Boling has not provided any information to the contrary. Nor, did Anna Boling ever express any concern prior to her debriefing about whether there was any possibility that Mills would find out that she had done a debriefing.

Providing co-defendants with a copy of the Memorandum of Interview also did not violate any established policy of the U. S. Attorney's Office. In the absence of any indication that the safety of Anna Boling would be compromised by production of the Memorandum of Interview, producing the Memorandum of Interview to co-defendants was entirely appropriate under U. S. Attorney's Office policies. Indeed, supervisors were consulted prior to turning over the Memorandum of Interview, and all agreed that production was prudent.

Finally, Anna Boling has suffered no unfair prejudice as a result of the Government producing the Memorandum of Interview of her debriefing to her co-defendants. None of Anna Boling's statements are admissible by her co-defendants, and Anna Boling has previously requested a severance based upon conflicting defenses. Much of the information she provided, to the extent is was truthful, is presumably already known by her co-conspirators. Accordingly, there is no legitimate concern that her co-defendants' knowledge of what she said in her

debriefing will unfairly prejudice her defense, and defendant's motion for sanctions should be denied.

## III.     CONCLUSION

For the reasons set forth herein, as well as such reasons that may be stated orally at any hearing or in any supplemental brief, the United States respectfully requests that defendant Anna Boling's motion for sanctions be DENIED.

                                            Respectfully submitted,

                                            JEFFREY A. TAYLOR
                                            United States Attorney
                                            for the District of Columbia

By:    _____/s/_____
          JONATHAN R. BARR
          D.C. Bar No. 437334
          TEJPAL S. CHAWLA
          D.C. Bar No. 464012
          Assistant U.S. Attorneys
          555 4th Street, N.W.
          Washington, D.C.  20530
          (202) 353-2442 (Chawla)
          (202) 514-9620 (Barr)

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of April 2007, I have caused a copy of the United States' Memorandum in Opposition to Defendant Anna Boling's Motion for Sanctions to be delivered electronically by ECF to the following counsel for the defendants:

Thomas Abbenante, Esq.
Robert O. Swtizer, Esq.
Joanne Roney Hepworth

                                            _____/s/_____
                                            TEJPAL S. CHAWLA
                                            ASSISTANT U.S. ATTORNEY