UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) ) |
| v. | ) Criminal No. 06-00228 (ESH) ) ) |
| JEFFREY S. MILLS, *et al.*, | ) ) ) |
| Defendants. | ) ) ) |

FILED
APR 1 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Based on the Pretrial Conference conducted on April 10, 2007, and for the reasons stated in open court, the Court hereby issues the following orders:

1. Because Anna Boling now has private funds for her defense, only the amount authorized by this Court on March 6, 2007, to pay the audio expert may be expended from public funds. No other public funds may be used for her defense.

2. Unless good cause is shown, the government shall provide all materials required under *Giglio v. United States*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act on or before June 15, 2007. The government has agreed to turn over all 302s by this date, and it is instructed to review all handwritten notes of witness interviews to determine if there is any material that must be produced under Jencks.

3. The motions for leave to adopt the motions of codefendants [Dkt. 40, 60] are **GRANTED**.

4. Defendants' motion for disclosure of the government's witness list [Dkt. 61] is **GRANTED**. The government shall provide its witness list on or before June 15, 2007.

5. Defendants' motion for a bill of particulars is **GRANTED IN PART** insofar as

the government will be required, on or before June 15, 2007, to identify any conspirators and "copromoters" who will not be called to testify and whose statements will be proffered pursuant to Fed. R. Evid. 801(d)(2)(E).

6. On or before May 4, 2007, the government shall file a supplemental memorandum in support of its motion to introduce "other acts" evidence under Federal Rule of Evidence 404(b) [Dkt. 42]. This memorandum shall state whether the government intends to argue that the prior voicemails and stock promotions (*i.e.*, the first, second, and fourth categories of evidence described in the government's original motion) were in any way wrongful or illegal and, if so, it shall proffer its evidence in support thereof.[1]

7. On or before May 4, 2007, the government shall file a motion *in limine* explaining its position regarding the admissibility of evidence relating to the Bolings' financial condition during the period of the conspiracy. Any oppositions will be due on or before May 11, 2007.

8. The government's motion to strike the potential testimony of defense experts [Dkt. 75] is **DENIED**. Defendants must provide the disclosures required under Fed. R. Crim. P. 16(b)(1)(B) & (C) on or before June 1, 2007.

9. Subject to the limitations explained in open court, defendants' motion to permit questioning of prospective jurors [Dkt. 57] is **GRANTED**.

10. Defendants' motion for issuance of subpoenas [Dkt. 36] is **DENIED**. Notwithstanding the Court's denial of defendants' motion, the government recognizes that it must provide any Jencks material in the possession of the SEC.

11. Defendants' motions to sever [Dkt. 34, 37, 41, 56], amended motion to exclude audio recording evidence [Dkt. 54], motion for a hearing on the government's proof of a conspiracy [Dkt. 63], and motion for an order prohibiting the government and its witnesses from making any reference to prior crimes or uncharged conduct [Dkt. 66] are **DENIED**.

12. Defendants' motion for disclosure of electronic surveillance [Dkt. 58] and motion to prohibit prior jury service in similar cases [Dkt. 65] are **DENIED** as moot.

13. The government is directed to file a supplemental memorandum identifying the

---

[1] With respect to the fifth category of evidence, the Court has ruled that efforts at concealment are relevant and admissible as evidence of the conspiracy charged. The third category of evidence does not need to be analyzed under Rule 404(b), because there is no claim that the referenced stock promotion campaign involved illegal or wrongful activity.

release dates for each of Roderic Boling's prior convictions that the government seeks to introduce pursuant to Fed. R. Evid. 609. The government's Rule 609 motion [Dkt. 43] shall be held in abeyance pending the receipt of further information.

14. Defendant Anna Boling has until April 26, 2007, to file any motion addressing the face of the indictment. The government shall file its opposition by May 8, 2007.

15. A status conference in this case is set for May 16, 2007, at 2:00 p.m. All outstanding motions and the voir dire will be addressed at that time.

**SO ORDERED.**

/s/ Ellen S. Huvelle
ELLEN SEGAL HUVELLE
United States District Judge

Date:   April 16, 2007