U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 28, 2007

**FILED**

**JUL 0 3 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

VIA FACSIMILE
(202) 452-0067

Thomas Abbenante, Esq.
1919 Pennsylvania Ave., NW, Suite 200
Washington, D.C. 20006

    Re:    United States v. Roderic L. Boling, Criminal Number 06-CR-228 (ESH)

Dear Mr. Abbenante:

    This letter sets forth the full and complete plea offer to your client, Roderic L. Boling, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on Friday, June 29, 2007, at 2:30 p.m., and will not be renewed thereafter. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.    **Wiring of Plea Agreement**

    Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are expressly conditioned and contingent upon your client's co-defendant Anna Boling executing a plea agreement, and upon the entry of a guilty plea by his co-defendant Anna Boling to the charge of Misprision of a Felony in violation of 18 U.S.C. § 4. If your client's co-defendant Anna Boling fails to execute a Plea Agreement with the United States, or a guilty plea is not entered by Anna Boling, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided, except that the Government will be free to use against your client, directly or indirectly, in any criminal or civil proceeding, all statements, information or materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court

pursuant to Fed. R. Crim. P. 11.

2. **Charges and Statutory Penalties**

Your client agrees to plead guilty to Count One of the pending Indictment charging the offense of Conspiracy to Commit Securities Fraud in violation of 18 U.S.C. § 371, and Count Two of the pending Indictment charging the offense of Securities Fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff. Your client understands that pursuant to 18 U.S.C. § 371, the charge of Conspiracy carries a maximum sentence of 5 years of imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Your client further understands that pursuant to 15 U.S.C. §§ 78j(b) and 78ff, the charge of Securities Fraud carries a maximum sentence of 20 years of imprisonment, a fine of $ $5,000,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. In addition, at the time of sentencing, the Government will move to dismiss Counts Three through Nine of the pending Indictment against your client. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

3. **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that upon execution of this plea letter, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

4. **Sentencing Guidelines Stipulations**

But for the provisions of this agreement which provide that this agreement shall be entered pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal Procedure, your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> [November 1, 2006](hereinafter "Sentencing Guidelines" or "U.S.S.G"). Mr. Boling further understands that if the Court imposes a sentence based upon the applicable Sentencing Guidelines offense level of 22 (after credit for acceptance of responsibility is taken into account), as provided in this

paragraph and paragraph 5 below, he cannot withdraw his guilty plea. This does not, however, limit Mr. Boling's right to appeal an unlawful sentence.

    A.    **Offense Level under the Guidelines**:

§ 2B1.1

| | |
|---|---|
| (a) Base Offense Level | 7 |
| (b) Loss of more than $400,000 | 14 |
| (c) More than 50 victims | 4 |
| TOTAL | 25 |

In the event that this plea offer is either not accepted by Mr. Boling, or is accepted by Mr. Boling but the guilty plea is either rejected by the Court or subsequently is withdrawn, the parties will not be bound by the proposed interpretations of the applicable Sentencing Guidelines provisions contained herein.

    **Acceptance of Responsibility: 3-point reduction**: Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G.

    In accordance with the above, the applicable **Guidelines Offense Level is 22.**

    B.    **Agreement as to Sentencing Allocution**: The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline range or suggest that the Court consider a sentence outside that Guidelines range. Similarly, subject to the paragraphs in this letter concerning cooperation, the parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines range calculated based upon the parties' stipulations in this Agreement is warranted. Accordingly, aside from what would be referenced in a possible motion pursuant to U.S.S.G. § 5K1.1, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced, or which Criminal History Category applies to Mr. Boling under the Sentencing Guidelines.

5.  **Determination of Applicable Sentencing Guidelines Offense Level Pursuant to Rule 11(c)(1)(c):**

Mr. Boling and the Government agree that a sentencing range of months as fixed for an Offense Level of 22 under the Sentencing Guidelines for the Criminal History Category, which the Court in its sole discretion finds applicable at sentencing to Mr. Boling under the Sentencing Guidelines, is the appropriate sentence for the offenses to which Mr. Boling is pleading guilty. The Government and Mr. Boling each preserve their rights to argue to the Court as to the Criminal History Category that should be applied to determine the appropriate sentence for Mr. Boling for Offense Level 22 under the Sentencing Guidelines. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific applicable Sentencing Guidelines Offense Level of 22 agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Mr. Boling understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford him an opportunity to withdraw the plea, or if he persists in the guilty plea will inform your client that a final disposition may be less favorable to him than that contemplated by this agreement. The parties understand that this sentence may vary from the Federal Sentencing Guideline range as calculated by the Probation Office, however the parties agree that they will recommend to the Court that, pursuant to Federal Sentencing Guidelines Section 6B1.2(c)(2), there are justifiable reasons for the Court to accept an agreed upon sentence.

6.  **Cooperation**

Your client agrees to cooperate completely, candidly, and truthfully in the investigation of others by this Office, the U.S. Postal Inspection Service and any other law enforcement agency identified by this Office. Specifically, your client agrees:

   a.  to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

   b.  to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

   c.  to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

    d.    not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e.    not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity unless ordered to do so by a court of competent jurisdiction;

    f.    to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide;

    g.    to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

    h.    to submit to any polygraph examinations that the government might request; and,

    i.    to provide a full and complete accounting of all assets, real or tangible, held by her or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor) within 30 days of his execution of this plea agreement.

7. **Departure Committee**

At the time of your client's sentencing, the government will advise the sentencing judge and the United States Probation Office in the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. In addition, before sentencing, the government will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent, and value of the cooperation provided by your client to the government. If the Departure Committee determines that your client has provided substantial assistance in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to U.S.S.G. § 5K1.1. Your client understands that the determination of whether he has provided "substantial assistance" is within the sole discretion of the United States Attorney for the District of Columbia. Your client further understands that the failure of this Office to file a "substantial assistance" departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8. **Restitution**

In addition to the other penalties provided by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court. Your client agrees to make restitution to all victims of your client's criminal conduct and not merely for those victims included in the count(s) to which your

client agrees to plead guilty. Your client further agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court for the District of Columbia, a certified check in the amount of $100.00, to cover the special assessment, as required in 18 U.S.C. § 3013. Your client also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

9. **Use of Certain Information**

The parties hereby agree that, since your client has agreed to cooperate with the government, information provided by him during the course of his cooperation shall not be used against him, except:

    a.    information that was known to the United States prior to the date this plea agreement was agreed to by him may be used directly or indirectly against him in any criminal proceeding;

    b.    in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by him as part of his cooperation may be used directly and indirectly against him; and

    c.    if there is a breach of this agreement by him, as determined under the provisions of this agreement. In the event of such a breach, as set forth below, the United States retains the right to use any information provided by him directly and indirectly at any subsequent proceeding.

10. **Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

11. **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be

6

free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12.   **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

13.   **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession

of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

14. **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor, or the United States Securities and Exchange Commission. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Jonathan R. Barr
Assistant United States Attorney
Tejpal Chawla
Assistant United States Attorney

DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Thomas Abbenante, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 7-2-07

_____
Roderic L. Boling
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: July 2, 2007

_____
Thomas Abbenante, Esquire
Attorney for the Defendant